UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY GROSSMAN,

        Plaintiff,

v.

THE CHARTER TOWNSHIP OF
WEST BLOOMFIELD,

        Defendant.

Case No. 23-11851
Hon. Shalina D. Kumar

---

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

### **\*\*Oral Argument Requested\*\***

Defendant, CHARTER TOWNSHIP OF WEST BLOOMFIELD, by and through its counsel, ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C., moves for summary judgment, pursuant to Fed. R. Civ. P. 56, for the reasons stated in the accompanying brief in support of this motion.

The undersigned counsel certifies that, pursuant to L.R. 7.1, counsel communicated by e-mail with Plaintiff's counsel on May 22, 2024, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and sought to initiate a phone conference on May 23, 2024, and three

business days have lapsed since the initial request for concurrence without opposing counsel expressly agreeing to the relief, orally or in writing.

WHEREFORE, Defendant, CHARTER TOWNSHIP OF WEST BLOOMFIELD, respectfully requests that this Honorable Court grant its motion for summary judgment, dismiss the Complaint with prejudice, enter judgment in Defendant's favor, award Defendant attorney fees and costs so wrongfully incurred in defending this action, and grant any other relief deemed appropriate.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER, P.C.

/s/Matthew J. Zalewski
MATTHEW J. ZALEWSKI (P72207)
Attorneys for Defendant
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331-3550
(248) 489-4100
mzalewski@rsjalaw.com

DATED:      May 29, 2024

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY GROSSMAN,

                Plaintiff,                    Case No. 23-11851
                                                  Hon. Shalina D. Kumar

v.

THE CHARTER TOWNSHIP OF
WEST BLOOMFIELD,

                Defendant.

---

## BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**\*\*Oral Argument Requested\*\***

## TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................................... iii

STATEMENT OF ISSUES PRESENTED.............................................................. vii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES FOR RELIEF REQUESTED ........................................................................................................ ix

STATEMENT OF MATERIAL FACTS .................................................................1

STANDARD OF REVIEW ....................................................................................7

ARGUMENT ..........................................................................................................8

   I.  THE COURT LACKS SUBJECT MATTER JURISDICTION OVER CLAIMS RELATING TO THE BUILDING PERMITS AND STOP WORK ORDER DUE TO MOOTNESS .........................................................8

   II. COUNTS I AND II, REQUESTING DECLARATORY AND INJUNCTIVE RELIEF, MUST BE DISMISSED FOR FAILURE TO STATE INDEPENDENT SUBSTANTIVE CAUSES OF ACTION ...............9

   III.THE DUE PROCESS CLAIMS FAIL FOR LACK OF A PROTECTED PROPERTY RIGHT, BECAUSE PROCEDURAL DUE PROCESS WAS AFFORDED, AND THE ACTIONS ALLEGED DO NOT IMPLICATE A SUBSTANTIVE DUE PROCESS VIOLATION ........10

      A.  Plaintiff lacks a constitutionally protected property right.........................10

      B.  Plaintiff's procedural due process claim fails on the merits. .....................12

      C.  The conduct alleged does not violate substantive due process. .................18

   IV.THE MALICIOUS PROSECUTION AND TORTIOUS INTERFERENCE CLAIMS ARE BARRED BY STATE IMMUNITY........19

   V. PLAINTIFF'S CLAIM OF MUNICIPAL LIABILITY FOR HIS FEDERAL CLAIMS FAILS...........................................................................23

CONCLUSION ....................................................................................................25

# INDEX OF AUTHORITIES

**Cases**

*3883 Connecticut LLC v. District of Columbia,* 336 F.3d 1068 (D.C. Cir. 2003) ........................................................................................... 15, 16

*Adams v. National Bank of Detroit,* 444 Mich. 329; 508 N.W.2d 464 (Mich. 1993) .........................................................................................................19

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)...............................................7

*Bevan v. Brandon Township,* 475 N.W.2d 37 (Mich. Sup. Ct. 1991) .....................11

*Board of Regents v. Roth*, 408 U.S. 564 (1972) ......................................................11

*Boyd v. Ford Motor Co.,* 948 F.2d 283 (6th Cir. 1991)..............................................8

*Braun v. Ann Arbor Charter Twp.,* 519 F.3d 564 (6th Cir., 2008), *cert. denied,* 555 U.S. 1062 (2008).................................................................11

*Burger v. Cuyahoga Cnty. Bar Ass'n,* 983 F.2d 718 (6th Cir. 1993) ........................8

*Carras v. Williams,* 807 F.2d 1286 (6th Cir. 2986)....................................................8

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)..........................................................7

*Chaconas v Lima Tp.,* No. 258979, 2006 WL 2312242, at *3 (Mich. App. Aug. 10, 2006) ....................................................................................20

*City of Rochester Hills v. Six Star, Ltd, Inc.,* 167 Mich. App. 703, 423 N.W.2d 322 (1988) ..................................................................................20

*Cleveland Bd. of Educ v. Loudermill,* 470 U.S. 532 (1985)....................................13

*Cummins v. Robinson Twp.,* 770 N.W.2d 421 (Mich. Sup. Ct. 2009) ............. 10, 18

*Daley v. Charter Tp. of Chesterfield,* No. 11-12562, 2012 WL 1721671 at *16-17 (E.D. Mich. May 16, 2012) ................................................. 16, 17

*Demis v. Sniezek,* 558 F.3d 508 (6th Cir. 2009) .........................................................8

*Depiero v. City of Macedonia,* 180 F.3d 770 (6th Cir. 1999).................................13

*DuBuc v. Twp. of Green Oak,* 406 F.App'x 983 ............................................... 16, 17

*EJS Properties,* 698 F.3d 845 (6th Cir. 2012) ....................................... 10, 11, 12, 18

*Fass v Highland Park*, 326 Mich 19 (1949)....................................................... 11, 12

*First National Bank of Arizona v. Cities Service Co,* 391 U.S. 253 (1968).............8

*Friedman v. Dozorc,* 412 Mich. 1; 312 N.W.2d 585 (1981) ...................................21

*Genesee County Drain Comm'r v. Genesee County,* 309 Mich. App. 317, 869 N.W.2d 635 (2015) ...................................................................................20

*Golf Village North, LLC v. City of Powell, Ohio,* 42 F.4th 593 (6th Cir. 2022.) ........................................................................................... viii, 18

*Goryoka v. Quicken Loan, Inc.,* 519 Fed.Appx. 926 (6th Cir. 2013) ........................10

*Green Genie, Inc. v. City of Detroit, MI,* 63 F.4th 521 (6th Cir. 2023)............ viii, 13

*Henry v. United States,* 361 U.S. 98 (1959) ..........................................................23

*Herman v City of Detroit,* 261 Mich. App. 141, 680 N.W.2d 71 (2004) ...............20

*Heydon v. MediaOne of Southeast Mich., Inc.,* 327 F.3d 466 (6th Cir. 2003.)........10

*Kavanaugh v. Lexington Fayette Urban County Government,* 638 Fed.Appx. 446 at fn. 1 (6th Cir. 2015) ...................................................................23

*Kerr for Kerr v. Comm'r of Soc. Sec.,* 874 F.3d 926 (6th Cir. 2017)................. viii, 8

*Knight Enterprises, Inc. v. RPF Oil Company,* 299 Mich.App. 275; 829 N.W.2d 345 (Mich. Ct. App. 2013.) ......................................................19

*Kostrzewa v. City of Troy,* 247 F.3d 633 (6th Cir. 2001) ........................................22

*Mack v. City of Detroit,* 467 Mich. 186, 649 N.W.2d 47 (2002) ...........................19

*Mastushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.,* 475 U.S. 574 (1986)..........7

*Mathews v. Eldridge,* 424 U.S. 319, 348-49 (1976) ................................... viii, 13, 14

*Matthews v. Blue Cross and Blue Shield of Michigan,* 456 Mich. 365 N.W.2d 603 (Mich. 1998).......................................................................22

*Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis,* 361 F.3d 898 (6th Cir. 2004) ...................................................................24

*Mettler-Walloon, LLC v. Melrose Twp.,* 761 N.W.2d 293 (Mich. Ct. App. 2008) ........................................................................................................18

*Michigan Corr. Org. v. Michigan Dep't of Corr.,* 774 F.3d 895 (6th Cir. 2014) ........................................................................................................10

*Miller v. Calhoun County,* 408 F.3d 803 (6th Cir. 2005) .......................................24

*Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658 (1978) ......................................................................................... ix, 24, 25

*Nawrocki v Macomb County Road Comm'n,* 463 Mich. 143, 615 N.W.2d 702 (2000).......................................................................................................19

*Newman v. Township of Hamburg,* 773 F.3d 769 (6th Cir. 2014) .........................23

iv

*Nykoriak v. City of Hamtramck,* No. 14-11954, 2016 WL 558719 at \*4 (E.D. Mich. Feb. 12, 2016).................................................................... viii, 22

*Odom v Wayne County,* 482 Mich. 459, 760 N.W.2d 217 (2008) ..........................20

*Paeth v. Wroth Tp,* 483 Fed.Appx. 956 (6th Cir. 2012) ................................... passim

*Pembaur v. City of Cincinnati,* 475 U.S. 469 (1986) ................................................24

*Peterson Novelties, Inc. v. City of Berkley,* 259 Mich. App. 1, 623 N.W.2d 351 (2003)..........................................................................................................22

*Ray v. Swager,* 501 Mich. 52, 62, 903 N.W.2d 366 (2017) ....................................19

*Ross v Consumer Power Co*, 420 Mich. 567, 363 N.W.2d 641 (1984) .................20

*Shepherd Montessori Center Milan v. Ann Arbor Chtr. Twp.,* 783 N.W.2d 695 (Mich. Sup. Ct. 2010) ...................................................................................10

*Shoemaker v. City of Howell,* 795 F.3d 553 (2015).......................................... viii, 13

*Skidmore v. Access Group, Inc.,* 519 Fed.Appx. 926 (6th Cir. 2013) .............. viii, 10

*Sykes v. Anderson,* 625 F.3d 294 (6th Cir. 2010) ............................................. viii, 22

*Terlecki v. Stewart,* 754 N.W.2d 899 (2008)............................................................10

*Town of Castle Rock v. Gonzales,* 545 U.S. 748 (2005)...........................................11

*Uzuegbunam v. Preczewski,* 141 S.Ct. 792, 796 (2021)............................................9

*Ward v. Mich. State Univ (On Remand),* 287 Mich. App. 76, 782 N.W.2d 514 (2010)...........................................................................................................20

*Women's Med. Prof'l Corp. v. Baird,* 438 F.3d 595 (6th Cir.2006) .......................13

**Statutes**

Mich. Comp. Laws § 125.1501...............................................................................17

Mich. Comp. Laws § 125.1512...............................................................................12

Mich. Comp. Laws § 125.1512(3)...........................................................................14

Mich. Comp. Laws § 125.1516...............................................................................17

Mich. Comp. Laws § 125.1518...............................................................................17

Mich. Comp. Laws § 691.1401(b)...........................................................................20

Mich. Comp. Laws § 691.1407(1) .................................................................. viii, 19

**Other Authorities**

v

Mich Building Code R 113.1 ................................................................17

## Rules

Fed. R. Civ. P. 56(a).........................................................................7

Fed. R. Civ. P. 56(c).........................................................................8

## Ordinances

Ordinance Ch. 12, Article V, Sec. 12-91 ...........................................5, 12

Ordinance Ch. 8,  Article XV, Sec. 8-376 .........................................5, 12

Ordinance Ch. 8, Article XIII, Sec. 8-310 .........................................5, 12

Zoning Ordinance 5.4 .....................................................................5, 12

## STATEMENT OF ISSUES PRESENTED

I.    Should summary judgment of Counts I, II, and II be entered in favor of Defendants, where those claims are moot given that the permits that were halted by the stop work order were cancelled by Plaintiff's contractor before this lawsuit was filed?

      Defendant answers:      Yes
      Plaintiff answer:      No

II.   Should summary judgment be entered in favor of Defendant relative to Counts I and II, requesting declaratory and injunctive relief, for failure of those claims to assert independent substantive causes of action?

      Defendant answers:      Yes
      Plaintiff answers:      No

III.  Should summary judgment be entered in favor of Defendant relative to the federal due procedural and substantive due process claims, where Plaintiff lacks a protected property right, procedural due process was afforded, and the actions alleged do not implicate a substantive due process violation?

      Defendant answers:      Yes
      Plaintiff answers:      No

IV.   Should summary judgment be entered in favor of Defendant relative to Plaintiff's state law claims of malicious prosecution and tortious interference with a contract, where the Township enjoys immunity under Michigan law?

      Defendant answers:      Yes
      Plaintiff answers:      No

V.    Should summary judgment alternately be entered in favor of Defendant relative to the malicious prosecution claim, where the prosecution concluded with a plea bargain, supported by probable cause, and was without malice?

      Defendant answers:      Yes
      Plaintiff answers:      No

VI.     Should summary judgment be entered in favor of Defendant relative to Plaintiff's federal claim of municipal liability, where the Township is not vicarious liable for the acts of its employees, and Plaintiff cannot establish a custom or policy of the Township as the moving force behind the alleged constitutional violations?

Defendant answers:       Yes
Plaintiff answers:       No

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES FOR RELIEF REQUESTED

**Issue I**

*Kerr for Kerr v. Comm'r of Soc. Sec.,* 874 F.3d 926, 930 (6th Cir. 2017)

**Issue II**

*Funderwhite v. Local 55, United Association,* 702 Fed.Appx. 308 (6th Cir. 2017)

*Skidmore v. Access Group, Inc.,* 519 Fed.Appx. 926 (6th Cir. 2013)

**Issue III**

*Golf Village North, LLC v. City of Powell, Ohio,* 42 F.4th 593 (6th Cir. 2022)

*Green Genie, Inc. v. City of Detroit, MI,* 63 F.4th 521 (6th Cir. 2023)

*Mathews v. Eldridge,* 424 U.S. 319 (1976)

*Paeth v. Wroth Tp,* 483 Fed.Appx. 956 (6th Cir. 2012)

*Shoemaker v. City of Howell,* 795 F.3d 553 (6th Cir. 2015)

*Seguin v. City of Sterling Heights,* 968 F.2d 584 (6th Cir. 1992)
**Issue IV**

Mich. Comp. Laws § 691.1407(1)

**Issue V**

*Nykoriak v. City of Hamtramck,* No. 14-11954, 2016 WL 558719 at \*4 (E.D. Mich. Feb. 12, 2016)

*Sykes v. Anderson,* 625 F.3d 294 (6th Cir. 2010)

**Issue VI**

*Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658 (1978)

## STATEMENT OF MATERIAL FACTS

1.      Plaintiff owns a residential property at 6221 W. Maple Road in West Bloomfield Township (the "Subject Property"). (Ex. 1, Grossman Dep. Tr., p. 8:2-7:8; 10:8-12.)

2.      The Subject Property has a residential home constructed upon it that was not certified for occupancy at the time that Plaintiff purchased it in March 2019. (Ex. 1, Grossman Dep. Tr., p. 10:8-11:2.)

3.      On May 30, 2019, the Township issued Contractor Gordon Grossman Building Permit PB19-0599 for "Interior Alterations/Repairs" for the Subject Property. (Ex. 2, PB19-0599 Record.)

4.      On June 10, 2019, the Township issued Contractor Phil's Construction Co. Permit PM19-0518 for "Interior Alteration" at the Subject Property (Ex. 3, PM 19-0518 Record.)

5.      On June 10, 2019, the Township issued Contractor Phil's Construction Co. Permit PP19-0266 for "Interior Alteration" at the Subject Property. (Ex. 4, PP19-0266 Record.)

6.      Access to the Subject Property is via a long dirt drive that crosses neighboring property owned by Dr. Imad Daouk. (Ex. 1, Grossman Dep. Tr., p. 11:20-12:5; 16:19-17:13.)

7.      Plaintiff has an easement to use the access drive to cross Dr. Daouk's property to access the Subject Property. *Id.*

8.      The portion of the access drive on Dr. Daouk's property features a small bridge that crosses a creek. *Id.*

9.      In September 2020, Plaintiff met at the site of the bridge with Fire Marshal Byron Turnquist, who advised that the bridge needed to be repaired in order to support the weight of a firetruck and ambulance. (Ex. 5, Turnquist Dep. Tr., p. 13:25-15:10.)

10.     Plaintiff then caused repairs on the bridge to be performed in October 2020. (Ex. 1, Grossman Dep. Tr., p. 21:10-18; 23:3-14.)

11.     Plaintiff did not seek Township permits prior to causing the work to be performed. *Id.*

12.     Despite the fact that the work was being performed within Dr. Daouk's property, Plaintiff also did not seek permission from Dr. Daouk. (Ex. 1, Grossman Dep. Tr., p. 23:1-25.)

13.     In April 2021, Turnquist again met with Plaintiff at the site of the bridge, at which time Turnquist observed that some work had been performed on the bridge, and requested documentation from Plaintiff that the bridge could support the weight of emergency apparatus. (Ex. 5. B. Turnquist Dep. Tr., p. 16:19-18:17.)

2

14.     Turnquist also observed that there had been vegetation cleared away around the bridge. (Ex. 5, Turnquist Dep. Tr., p. 23:24-24:10.)

15.     Plaintiff ultimately produced an engineering report regarding the bridge, and Turnquist does not presently have concerns about fire apparatus crossing the bridge. (Ex. 5, Turnquist Dep. Tr., p. 38:15-41:25.)

16.     At the time that Plaintiff was performing the bridge repairs, the house on the Subject Property was largely demolished on the interior and in need of extensive work, including plumbing, electrical, and HVAC work. (Ex. 1, Grossman Dep. Tr., p. 21:15-22:13.)

17.     On December 2, 2020, Township Environmental Manager John Roda and Township Engineer Jason Rosell visited the Subject Property to inspect a sewer tap project. (Ex. 1, Grossman Dep. Tr., p. 25:12-26:9; Ex. 6, IWT20-0130 Record.)

18.     Plaintiff was present at the Subject Property on December 2, 2020 and spoke with Roda and Rosell. (Ex. 1, Grossman Dep. Tr., p. 26:20-27:4.)

19.     During the course of the December 2, 2020 visit, Roda and Rosell advised Plaintiff that they had observed wetland disturbance around the bridge area. *Id.;* (Ex. 6, IWT20-0130 Record, p. 2.)

20.     In addition, Roda and Rosell advised Plaintiff of the processes and permitting that would be required for Plaintiff to correct the violations. *Id.*

3

21.     Specifically, Plaintiff needed to apply for and obtain an after-the-fact wetland permit and grading/soil erosion & sedimentation control permit. *Id.* (*See, also,* Ex. 7, Code Enforcement EN21-1338 Record, p. 1.)

22.     Plaintiff asserts that he first learned of the stop work order in March 2021 in a phone call that he made to the Township after learning that a plumbing inspection his contractor had requested had been refused due to the stop work order. (Ex. 1, Grossman Dep. Tr., p. 35:24-38:2.)

23.     Plaintiff went to the Township Hall the same day and discussed the stop work order with Township Permit Coordinator Daniel Vergun, who provided him relevant field notes and photographs. *Id.*

24.     Plaintiff had numerous subsequent meetings with Township officials, who he described as making "demands," but Plaintiff never appealed the stop work order. (Ex. 1, Grossman Dep., p. 38:15-39:9.)

25.     Plaintiff was also advised through multiple e-mails – including e-mails dated April 19, 2021, May 27, 2021, and September 29, 2021 – of the steps necessary for Plaintiff to resolve the stop work order and resolve the violations that were first observed on December 2, 2020. (Ex. 8, April-May 2021 E-Mail Chain; Ex. 9, Aug.-Sept. 2021 E-Mail Chain.)

26.     Though Plaintiff asserts that he was never told what it would take to resolve the stop work order (Ex. 1, Grossman Dep. Tr. p. 39:25-41:20), the

Township Planner's April 19, 2020 e-mail (which was also incorporated in the May 27, 2021 and September 2021 e-mails of the Township Environmental and Project Analyst), expressly stated, "The stop work order will remain in place until such time as we have approvable plans/permits for the grading and bridge work." (Ex. 8, April-May 2021 E-mail chain, p. 2; Ex. 9, Aug.-Sept. 2021 E-Mail Chain)

27.     Plaintiff submitted an application for a wetland determination of the property around the bridge, but it was rejected as incomplete because he did not provide proof of permission of the underlying property owner – Dr. Daouk – to have the wetland determination conducted. (Ex. 9, Aug.-Sept. 2021 E-Mail Chain.)

28.     As Plaintiff never completed the wetland determination application and otherwise had not taken the steps to resolve the violations identified on December 2, 2020, Plaintiff was issued citations for work without permits in violation of the Township's ordinances regulating floodplains[1], environmental features[2], soil erosion[3], and grading[4]. (Ex. 6, IWT20-0130 Record; Ex. 7, EN21-1338 Record; Ex. 10, Tickets.)

29.     Plaintiff was prosecuted in the 48th District Court, where, on May 10, 2022, the Honorable Diane D'Agostini ultimately accepted Plaintiff's plea to four

---

[1] Ex. 12, Ordinance Ch. 12, Article V, Sec. 12-91.
[2] Ex. 13, Zoning Ordinance 5.4
[3] Ex. 14, Ordinance Ch. 8, Article XV, Sec. 8-376.
[4] Ex. 15, Ordinance Ch. 8, Article XIII, Sec. 8-310.

5

lesser counts of "double parking" in exchange for dismissal of the permit-related citations. (Ex. 11, Hearing Transcript, 6:20-10:17.)

30.     It was also understood that the plea would involve working toward a side agreement that would lead to removing the stop work orders, which would start with an inspection of the bridge area with all parties the next day, and would also require the wetlands determination. (Ex. 11, Hearing Transcript, 6:20-9:15.)

31.     While the inspection that took place on May 11, 2022 revealed that one of two areas of wetland/erosion concern had appeared to resolve itself through the forces of nature, a second area remained in need of remediation. (Ex. 7, EN21-1338 Record, p. 5.)

32.     In the months between the May 11, 2022 inspection and the date of Plaintiff filing this lawsuit on June 30, 2023, Plaintiff had not taken the steps to resolve the stop work order, and negotiations did not continue. (Ex. 7, EN21-1338 Record; Ex. 1, Grossman Dep. p. 69:2-69:11, 74:23-75:6; Ex. 21, Answers to Twp Requests to Admit Nos. 5, 6, 7, 8, 10, 13, 14.)

33.     Plaintiff also has not appealed any of the decisions of the Building Official or Zoning Administrator regarding the circumstances of the Subject Property alleged in the Complaint. (Ex. 21, Answers to Twp. Requests to Admit Nos. 11, 12, 13.)

6

34.     On May 19, 2022, the Township extended the expiration dates of Permits PB19-0599, PM19-0518, and PP19-0266 to May 26, 2023. (Ex. 3, 4, 5.)

35.     However, on December 21, 2022, Gordon Grossman cancelled Permit. PB19-0599. (Ex. 3.) Permits PM19-0518 and PP19-0266 were also cancelled before their expiration. (Ex. 4, 5.)

36.     At the time of the stop work order, the house on the Subject Property did not qualify for a certificate of occupancy, and still does not qualify today. (Ex. 21, Answers to Twp Requests to Admit No. 3, 4.)

## **STANDARD OF REVIEW**

A motion for summary judgment shall be granted when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists where the trier of fact could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Inferences from the underlying facts are viewed in a light most favorable to the nonmoving party. *Mastushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of identifying the basis of the summary judgment motion and portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). Upon that showing, the nonmoving party must produce evidence supporting

7

its claim and to make the case that a genuine question of material fact exists. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 285 (6th Cir. 1991). The nonmoving party can make this showing by citing to particular evidence or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). When the record as a whole could not lead the fact finder to find the for the nonmoving party, there is no genuine issue for trial and the summary judgment should be granted for the moving party. *First National Bank of Arizona v. Cities Service Co,* 391 U.S. 253, 289 (1968).

## ARGUMENT

### I.    THE COURT LACKS SUBJECT MATTER JURISDICTION OVER CLAIMS RELATING TO THE BUILDING PERMITS AND STOP WORK ORDER DUE TO MOOTNESS.

""Mootness results when event occur during the pendency of the litigation which render the court unable to grant the requested relief."" *Burger v. Cuyahoga Cnty. Bar Ass'n,* 983 F.2d 718, 724 (6th Cir. 1993), quoting *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986). "A federal court 'lacks jurisdiction to consider any case or issue that has lost its character as a present, live controversy and thereby becomes moot.'" *Kerr for Kerr v. Comm'r of Soc. Sec.,* 874 F.3d 926, 930 (6th Cir. 2017), quoting *Demis v. Sniezek,* 558 F.3d 508, 512 (6th Cir. 2009). "If in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual

8

relief, the case generally is moot." *Uzuegbunam v. Preczewski,* 141 S.Ct. 792, 796 (2021).

Here, the Complaint is moot because the permits that were active on the property at the time that the stop work order was issued and whose deadlines were extended by the Township to May 26, 2023 were cancelled by Plaintiff's contractor on December 21, 2022. (Ex. 2, Ex. 3, Ex. 4.) Accordingly, the Complaint's request for declaratory relief declaring any stop work order to have been improperly issued, to order the stop work order to be rescinded, and injunctive relief to restore the permits cannot result in any effective relief since the contractor's withdrawal from the project would render restoration of the permits meaningless, and the voluntary cancellation of the permits renders the stop work order on those permits to be moot. It follows that Plaintiff's underlying claims as to the constitutionality of the stop work order are moot. Accordingly, summary judgment of Counts I, II, and III should be granted to the Township on mootness grounds.

## II. COUNTS I AND II, REQUESTING DECLARATORY AND INJUNCTIVE RELIEF, MUST BE DISMISSED FOR FAILURE TO STATE INDEPENDENT SUBSTANTIVE CAUSES OF ACTION.

Counts I and II attempt to assert causes of action for declaratory relief and injunctive relief, respectively. However, standing alone, the Declaratory Judgment Act "does not provide an 'independent basis for federal subject matter jurisdiction.'" *Funderwhite v. Local 55, United Association,* 702 Fed. Appx. 308, 311 (6th Cir.

9

2017), citing *Michigan Corr. Org. v. Michigan Dep't of Corr.,* 774 F.3d 895, 902 (6th Cir. 2014). It merely provides the Court discretion to fashion a remedy. *Heydon v. MediaOne of Southeast Mich., Inc.,* 327 F.3d 466, 479 (6th Cir. 2003.) Accordingly, Count I fails to state an independent claim, and should be dismissed.

Likewise, "injunctive relief is a remedy . . . not an independent cause of action. *Skidmore v. Access Group, Inc.* 149 F.Supp.3d 807, 808 fn. 1 (E.D. Mich. 2015), citing *Goryoka v. Quicken Loan, Inc.,* 519 Fed.Appx. 926, 929 (6th Cir. 2013); *Terlecki v. Stewart,* 754 N.W.2d 899, 912 (2008). As such, Count II must also be dismissed as a standalone claim. *Goryoka,* 519 Fed.Appx. at 929.

## III.   THE DUE PROCESS CLAIMS FAIL FOR LACK OF A PROTECTED PROPERTY RIGHT, BECAUSE PROCEDURAL DUE PROCESS WAS AFFORDED, AND THE ACTIONS ALLEGED DO NOT IMPLICATE A SUBSTANTIVE DUE PROCESS VIOLATION.

### A. Plaintiff lacks a constitutionally protected property right.

Count III alleges both procedural and substantive due process violations under both the Michigan and U.S. Constitutions. To prevail on both claims, Plaintiff must prove that he has a constitutionally protected property right. *Green Genie, Inc. v. City of Detroit, MI,* 63 F.4th 521, 526 (6th Cir. 2023); *EJS Properties, LLC v. City of Toledo,* 698 F.3d 845, 855 (6th Cir. 2012).[5] The Due Process Clause "does not protect

---

[5] As the Michigan Constitution's provisions are construed coextensively with their federal counterparts, they are appropriately considered together. *Shepherd Montessori Center Milan v. Ann Arbor Chtr. Twp.,* 783 N.W.2d 695, 698 (Mich. 2010); *Cummins v. Robinson Twp.,* 770 N.W.2d 421, 438 (Mich. 2009).

everything that might be described as a benefit." *Green Genie,* 63 F.4th at 526, citing

*Town of Castle Rock v. Gonzales,* 545 U.S. 748, 756 (2005). Plaintiff must have

more than an abstract desire for it or unilateral expectation of the alleged right;

rather, he must have a "legitimate claim of entitlement to," in this case, continuation

of a building permit absent a stop work order. *R.S.W.W. Inc. v. Keego Harbor*, 397

F.3d 427, 435 (6th Cir. 2005), citing *Board of Regents v. Roth*, 408 U.S. 564, 577

(1972)); *Braun v. Ann Arbor Chtr. Twp.*, 519 F.3d 564, 573 (6th Cir. 2008).

"Constitutionally protected property interests are not created by the

Constitution itself but rather by 'existing rules or understandings that stem from an

independent source such as state law—rules or understandings that secure certain

benefits and that support claims of entitlement to those benefits.'" *R.S.W.W. Inc. v.*

397 F.3d at 435. Thus, "[w]hether a person has a 'property' interest is a traditionally

a question of state law." *EJS Properties,* 698 F.3d at 855.

Even where substantial sums of money have been expended, the mere

application for a permit is not enough to vest a property right. *Seguin v. City of*

*Sterling Heights,* 968 F.2d 584, 591 (6th Cir. 1992), citing *Bevan v. Brandon*

*Township,* 438 Mich. 385, 402, 475 N.W.2d 37, 46 (Mich. Sup. Ct. 1991).

Importantly, A property owner "acquires no vested right to use their property for a

purpose forbidden by law." *Fass v Highland Park*, 326 Mich. 19, 27, 39 N.W.2d

336, 340 (Mich. 1949).

Here, the Township's Ordinances provide that permits shall be required for work in wetlands (Ex. 12, Ord. Sec. 12-91), require a permit application for work in an environmental setback area (Ex. 13, ZO Sec. 25.B.3), make it unlawful to make changes to the earth without a soil erosion control permit (Ex. 14, Ord. Sec. 8-376), and require permits to be obtained for enumerated soil grading and drainage activities (Ex. 14, Ord. Sec. 8-310). Plaintiff was cited for violations of each of these provisions. (Ex. 10, Ticket.)  Plaintiff's active permits relative to the subject property were not for any of these activities within the access easement area. (Ex. 2, Ex. 3, Ex. 4). Where work is being undertaken contrary to issued permits, it is unlawful, and a stop work order may be placed. Mich. Comp. Laws § 125.1512. As Plaintiff's activities exceeded the scope of the permits in which he argues he has a protected property right, and that work was unlawful, Plaintiff lacks a protected property right in the continuation of the permits that were subject to the stop work orders. *Fass, supra*.

### B. Plaintiff's procedural due process claim fails on the merits.

Even if Plaintiff were deemed to have a protected property right, his procedural due process claim still fails. Procedural due process generally is understood as requiring fairness in procedures when depriving somebody of life, liberty or property. See, e.g., *EJS Properties,* 698 F.3d at 855. Plaintiff has to show that the Township did not afford him "adequate procedural rights prior to depriving

[her] of the property interest." *Women's Med. Prof'l Corp. v. Baird,* 438 F.3d 595, 611 (6th Cir.2006)." *Id.* "[A]t its essence, due process can be summarized as 'the requirement that a person . . . be given notice of the case against him and [an] opportunity to be heard." *Shoemaker v. City of Howell,* 795 F.3d 553, 559 (6th Cir. 2015), citing *Mathews v. Eldridge,* 424 U.S. 319, 348-49 (1976).

In reviewing whether procedural due process has been afforded, pre- and post-deprivation procedures should be "considered together as a single package." *Shoemaker,* at 559. Notice is sufficient where the property owner "was clearly aware that the City considered him to be in violation of the Ordinance." *Id.,* at 560.

While the Complaint raises allegations about what procedures were required under different Township Ordinances or state codes pertaining to stop work orders under various circumstances, these allegations are inapposite. Even where a municipality does not "fully comply with its own Ordinance, such a failure 'does not . . . automatically translate into a deprivation of procedural due process under the United States Constitution.'" *Shoemaker,* 795 F.3d at 560, citing *Depiero v. City of Macedonia,* 180 F.3d 770, 788 (6th Cir. 1999). Indeed, "what process is due under the Constitution is not equivalent to the procedures outlined by statutes or ordinances, and so a violation of them does not automatically point to a due process violation." *Paeth v. Wroth Tp,* 483 Fed.Appx. 956, 962 (6th Cir. 2012), citing *Cleveland Bd. of Educ v. Loudermill,* 470 U.S. 532, 541-42 (1985), and *DePiero v.*

13

180 F.3d at 788 (6th Cir. 1999). Instead, assuming that there is a constitutionally protected property interest at all, the federal constitutional framework for a procedural due process claim assesses:

> First, the private interest that will be affected by the official action; second, the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any of additional or substitute procedural safeguard; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Paeth,* 483 Fed.Appx at 962, quoting *Mathews,* 424 U.S. at 335.

In *Paeth,* the plaintiffs alleged a violation of due process based on the posting of a stop work order without prior notice, which the Court found to be in deviation from the requirements of Mich. Comp. Laws § 125.1512(3). *Paeth,* 483 Fed.Appx. at 960. The plaintiffs had been renovating a home on their property, including expanding its building footprint. *Id.,* at 959. The Township determined that the plaintiffs' construction violated the Township's setback ordinance. *Id.* The plaintiffs sought a variance from the Township's Zoning Board of Appeals, which denied the variance, but the circuit court eventually reversed the decision. *Id.* However, during this time the plaintiffs' building permit had expired, so the stop work order was issued due to the plaintiffs' lack of an active permit. *Id.,* at 960. Evaluating the circumstances under the *Mathews* factors, the Sixth Circuit determined that no procedural due process violation existed, reasoning, in relevant part:

14

Even assuming the Paeths had a valid permit and an attendant property interest in continuing construction on their home, that interest was not an extremely weighty one. At most, the Paeths were engaging in part-time construction at the time the stop work order was issued. The order came with instructions for how to apply for a new permit, a process that could have taken less than a day and that involved affording the Paeths an opportunity to be heard. Had the Paeths performed these steps, they would have been briefly inconvenienced by the stop work order, but the issue would have been resolved quickly. . . The idea that their choice to ignore the proffered procedure this time can create a federal cause of action resulting in $325,000 in damages makes little sense.

*     *     *

In addition, the Township's interest in prompt posting of the order was not insignificant. No work had been done on the property for several years, and no inspections had taken places. . . . there was also evidence that the house was not compliant with various provisions of the building code, evidence that came to light only after the original permit was issued. The Township therefore had an interest in preventing *any* further work from taking place until such concerns could be addressed[.]

*Paeth,* 483 Fed.Appx. at 962 (emphasis original).

Further, the Sixth Circuit cited *3883 Connecticut LLC v. District of Columbia,* 336 F.3d 1068 (D.C. Cir. 2003) as a "remarkably similar" situation, in which a stop work order posted without notice was found not to be a procedural due process violation given that procedures were available to the plaintiff to challenge the order, including an appeal process. *Paeth,* 483 Fed.Appx. at 963, citing *3883 Connecticut,* 336 F.3d at 1073. The plaintiffs' claimed interest ultimately had to "be balanced against the municipality's 'significant interest in maintaining its capability to act swiftly to bring an immediate halt to construction work that poses a threat to public

15

health and safety **or to the environment.**" *Id.,* citing *3883 Connecticut,* 483 Fed.Appx. at 1074 (emphasis added).

Similarly, where prior notice of a stop work order being issued was not provided, but a plaintiff was aware that his construction activities were outside the scope of an issued permit, and the plaintiff could have appealed stop work orders to a Township's construction board of appeals but did not do so, no procedural due process violation was implicated. *Daley v. Charter Tp. of Chesterfield,* No. 11-12562, 2012 WL 1721671 at *16-17 (E.D. Mich. May 16, 2012) (Ex. 16.) The Eastern District of Michigan concluded, "Plaintiff here 'did not avail himself of his postdeprivation opportunities, and he should not be able to now use his inaction against Defendant Township in claiming a violation of due process.'" *Id.,* at *17-18, citing *Dubuc v. Twp. of Green Oak,* 406 F.App'x 983, 989 and *Santana v. City of Tulsa,* 359 F.3d 1241, 1244 (10th Cir. 2004) (cleaned up).

Here, like in *Paeth, Daley, and DuBuc,* Plaintiff had sufficient notice of the fact that the work he performed was in violation of the Township's Codes, was put on notice of the procedures that were necessary to come into compliance with the Township's codes, and had the ability to appeal the stop work order but did not do so. As detailed in the statement of facts, Plaintiff was apprised of the stop work order, repeatedly told how to remedy the stop work order, was advised of the defect in his wetland determination that needed to be cured, was again walked through the

16

process during the course of the plea agreement being entered, and was advised of remaining issues following the post-plea inspection.

Plaintiff clearly objects to the requirements of the Township, but he was not without recourse relative to the stop work order or the determinations of the Township's administrators as to what was required to restore his permits. Pursuant to Township Ordinance Sec. 8-1, the Township has adopted the Michigan Building Code and administers the Stille-DeRosset-Hale Single State Construction Code Act, Mich. Comp. Laws § 125.1501 et. seq. (Ex. 17, Ord. Chapter 8.) The Michigan Building Code and Stille-DeRossett-Hale Single State Construction Code Act provide that decisions/interpretations of the Building Official can be appealed to the local board of appeals. Ex. 18, Mich Building Code R 113.1; Mich. Comp. Laws § 125.1514. The local board's decision can then be appealed to the State Construction Code Commission ("SCCC"). Ex. 18, Mich Building Code R 113.1; Mich. Comp. Laws § 125.1516. From there, the party enjoys yet a third opportunity for review by filing an appeal of right of the SCCC's decision to the Michigan Court of Appeals. Mich. Comp. Laws § 125.1518. Yet, Plaintiff admits he did not pursue these remedies, even after all of his interactions with the Township both before and during this litigation. As in *Daley* and *DuBuc,* Plaintiff's inaction does not equate to a constitutional procedural due process violation of the Township.

17

**C. The conduct alleged does not violate substantive due process.**

Plaintiff's substantive due process claim also fails on the merits. Since no fundamental right is alleged in this case, review is under the rational basis test. The conduct must be arbitrary in the constitutional sense; that is, it must "shock the conscience." *Cummins,* 770 N.W.2d at 703, citing *Mettler-Walloon, LLC v. Melrose Twp.,* 281 Mich.App.184, 200-201, 761 N.W.2d 293, 306 (Mich. Ct. App. 2008). A plaintiff must negate every conceivable basis that might support the Township's actions or show that they are based "solely on reasons totally unrelated to the pursuit of the State's goals." *Houdek v Centerville Twp,* 276 Mich.App.568, 583, 741 N.W.2d 587, 597 (Mich Ct. App. 2007). The Sixth Circuit has recently cautioned that there are very few cases in the land use context that meet this standard. *Golf Village North, LLC v. City of Powell, Ohio,* 42 F.4th 593, 601 (6th Cir. 2022.) The conduct must be "so shocking as to shake the foundations of this country." *Id.,* at 602, citing *EJS Properties,* 698 F.3d 845, 862.

Here, again, the Township's issuance of the stop work order and requirements for the remedying the stop work order were rationally related to Township's interest in enforcing the Building Code and the four ordinances that Plaintiff's unpermitted work violated. It also advanced its interest in protecting the environment. *Paeth, supra.* Plaintiff has not pled, nor elicited any evidence to so much as even suggest that such run-of-the-mill enforcement activities are conscience-shocking.

18

## IV. THE MALICIOUS PROSECUTION AND TORTIOUS INTERFERENCE CLAIMS ARE BARRED BY STATE IMMUNITY.

Count IV pleads a claim for malicious prosecution without reference to federal law, thus indicating that Plaintiff is proceeding under Michigan law. Moreover, Count V asserts a state law claim of tortious interference with contracts. Tortious interference with a contract is an intentional tort. *Knight Enterprises, Inc. v. RPF Oil Company,* 299 Mich.App. 275, 280; 829 N.W.2d 345, 348 (Mich. Ct. App. 2013.) So, too, is malicious prosecution. *See, e.g., Adams v. National Bank of Detroit,* 444 Mich. 329, 335; 508 N.W.2d 464, 466 fn. 6 (Mich. 1993)

As a general matter, government agencies and their employees are immune from tort liability when they are engaged in a governmental function. *Ray v. Swager,* 501 Mich. 52, 62, 903 N.W.2d 366 (2017). Mich. Comp. Laws § 691.1407(1) states:

> Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function.

Thus, "a party suing a unit of government must plead in avoidance of governmental immunity…by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Mack v. City of Detroit,* 467 Mich. 186, 203-204, 649 N.W.2d 47 (2002).

Such immunity is "expressed in the broadest possible language." *Nawrocki v Macomb County Road Comm'n*, 463 Mich. 143, 156, 615 N.W.2d 702 (2000). A

19

"governmental function" is defined as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance or other law." Mich. Comp. Laws § 691.1401(b) (codifying the definition used in *Ross v Consumer Power Co*, 420 Mich. 567, 620, 363 N.W.2d 641 (1984)). Whether an activity is a governmental function is resolved with reference to "the general activity, not the specific conduct involved" at the time of the alleged tort. *See, e.g., Ward v. Mich. State Univ (On Remand),* 287 Mich. App. 76, 782 N.W.2d 514 (2010); *Herman v City of Detroit,* 261 Mich. App. 141, 144, 680 N.W.2d 71 (2004). There is no intentional tort exception to immunity. *Genesee County Drain Comm'r v. Genesee County,* 309 Mich. App. 317, 328, 869 N.W.2d 635 (2015); *Odom v Wayne County,* 482 Mich. 459, 760 N.W.2d 217 (2008).

All of the actions Plaintiff alleges against the Township relate to building code enforcement and application of the Township's ordinances. Code enforcement is a governmental function for immunity purposes. *Chaconas v Lima Tp.,* No. 258979, 2006 WL 2312242, at *3 (Mich. App. Aug. 10, 2006) (Ex. 19.) So, too, is ordinance enforcement. *City of Rochester Hills v. Six Star, Ltd, Inc.,* 167 Mich. App. 703, 707-708, 423 N.W.2d 322 (1988).

As the Township's immunity is broad, no exceptions apply, and Plaintiff cannot plead around the fact that the general nature of the activities at issue are

20

governmental functions, the Township is immune from Counts IV and V, and summary judgment should be entered in its favor.

## IV. THE MALICIOUS PROSECUTION CLAIM FAILS AS A MATTER OF LAW BECAUSE THE PROSECUTION ENDED WITH A PLEA BARGAIN, AND WAS INITIATED WITH PROBABLE CAUSE, WITHOUT ANY EVIDENCE OF MALICE.

Whether evaluated under state or federal[6] law, the malicious prosecution claim also fails on the merits. Under Michigan law, the standard for malicious prosecution varies depending on whether civil or criminal proceedings are at issue. Here, both are at issue, as Plaintiff was charged with both civil infractions and misdemeanors. To prevail on a malicious prosecution claim in a civil matter, Plaintiff must prove: 1) that the prior proceedings terminated in favor of plaintiff; 2) the absence of probable cause; and, 3) malice. *Friedman v. Dozorc,* 412 Mich. 1, 48; 312 N.W.2d 585 (1981). He must also show special injury. *Id.,* at 38-39, 49.

In the criminal context, the Plaintiff must show "(1) that the defendant initiated a criminal prosecution against him, (2) that the criminal proceedings terminated in his favor, (3) that the private person who instituted or maintained the prosecution lacked probable cause for his actions, and (4) that the action was undertaken with malice or a purpose in instituting the criminal claim other than

---

[6] It is not apparent from the pleading that Plaintiff intends to plead the malicious prosecution claim under federal law, but the Township preserves its arguments here in the event that Plaintiff argues it as such.

bringing the offender to justice." *Matthews v. Blue Cross and Blue Shield of Michigan,* 456 Mich. 365, 378, 527 N.W.2d 603, 609-610 (Mich. 1998)

Similarly, the standard for malicious prosecution claims under 42 U.S.C. §1983 requires a plaintiff to prove: 1) that that a criminal prosecution was initiated against the plaintiff, and the defendant made, influenced or participated in the decision to prosecute; 2) there was no probable cause for the criminal prosecution; 3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and 4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson,* 625 F.3d 294, 308-309 (6th Cir. 2010).

Under both Michigan and federal law, where a case is resolved through a plea bargain, it is not considered to have been resolved in Plaintiff's favor. *Nykoriak v. City of Hamtramck,* No. 14-11954 2016 WL 558719 at *4 (E.D. Mich. Feb. 12, 2016) (Ex. 20), citing *Sykes,* 625 F.3d at 309; and, *Kostrzewa v. City of Troy,* 247 F.3d 633, 643 (6th Cir. 2001); *see, also, Peterson Novelties, Inc. v. City of Berkley,* 259 Mich. App. 1, 21, 623 N.W.2d 351, 363 (2003). Here, it is undisputable that Plaintiff's four citations were resolved as part of a plea bargain through which Plaintiff pled to lesser charges. (Ex. 11, Hearing Transcript, 6:20-10:17.)

Moreover, the citations were supported by probable cause. "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Newman v. Township of Hamburg,*

22

773 F.3d 769, 776 (6ᵗʰ Cir. 2014), quoting *Henry v. United States,* 361 U.S. 98, 102 (1959). Here, as discussed, *supra,* the Township's Environmental Manager and Engineer observed disturbances to suspected wetlands and soil erosion around the bridge area. Plaintiff admits that he caused the work to be performed, without permits. In light of the four ordinance sections under which Plaintiff was cited prohibiting the very type of work that was observed on December 2, 2020, the citations were supported by probable cause.

Finally, aside from conclusory allegations, the Complaint is devoid of any allegation of malicious conduct, and no evidence of malice has been produced or elicited during discovery.

## V. PLAINTIFF'S CLAIM OF MUNICIPAL LIABILITY FOR HIS FEDERAL CLAIMS FAILS.

As the Complaint is solely pled against the Township as an entity, its attempt to impose liability on the Township for its federal procedural and substantive due process claims (and its malicious prosecution claim, if deemed to be pled under federal law), fails not only because no constitutional violations exist, but also "because a government entity cannot be held liable under § 1983 for the constitutional torts of its employees under a *respondeat superior* theory." *Kavanaugh v. Lexington Fayette Urban County Government,* 638 Fed.Appx. 446, 450 at fn. 1 (6ᵗʰ Cir. 2015). Under 42 U.S.C. §1983, municipalities are not vicariously liable for actions of their employees. *Bible Believers v. Wayne County,* 805 F.3d 228,

260 (6th Cir. 2015). In order to impose municipal liability for an alleged constitutional violation, Plaintiff must prove the existence of a government "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 694 (1978). The policy must be the moving force of the constitutional violation. *Id.,* at 695.

A "policy" for municipal liability purposes must be "promulgated by the official vested with final policymaking authority for the municipality." *Id.,* at 496, citing *Miller v. Calhoun County,* 408 F.3d 803, 813 (6th Cir. 2005) and *Pembaur v. City of Cincinnati,* 475 U.S. 469, 482-83 (1986). A "'custom' may be established by proof of the knowledge of policymaking officials and their acquiescence in the established practice." *Id.,* citing *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis,* 361 F.3d 898, 902 (6th Cir. 2004).

Here, neither a policy or custom of the Township is alleged. The Complaint solely alleges actions of individual Township employees in conducting an investigation and choosing to issue a stop work order and citations against Plaintiff for performing work without a permit in and around the area of the bridge. Nor is there any allegation that these employees were final policymakers (because they are not), or that the Township Board ever ratified the decision to prosecute Plaintiff. In light of the absence of any pled (or proven) facts establishing a policy or custom of

24

the Township, *Monell* liability cannot be imposed here, and summary judgment of Counts  must be entered in favor of the Township as to Count III any federal claim that may be deemed to exist in Count IV.

## CONCLUSION

For these reasons, Defendant, CHARTER TOWNSHIP OF WEST BLOOMFIELD, respectfully requests that this Honorable Court grant its motion for summary judgment, dismiss the Complaint with prejudice, enter judgment in Defendant's favor, award Defendant attorney fees and costs so wrongfully incurred in defending this action, and grant any other relief deemed appropriate.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER, P.C.

/s/Matthew J. Zalewski
MATTHEW J. ZALEWSKI (P72207)
Attorneys for Defendant
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331-3550
(248) 489-4100
mzalewski@rsjalaw.com

DATED: May 29, 2024

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 29, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the Court's efile system, by selecting efile and eserve, which will send notification all attorneys of record.

<u>/s/ Dawn Hallman</u>

26