UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY GROSSMAN,

    Plaintiff,

Case No. 23-11851

Shalina D. Kumar
United States District Judge

v.

CHARTER TOWNSHIP OF
WEST BLOOMFIELD,

    Defendant.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### **ORAL ARGUMENT REQUESTED**

NOW COMES Plaintiff, GARY GROSSMAN, by and through his attorneys, THE RUBINSTEIN LAW FIRM, and for Plaintiff's Response to Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, respectfully relies on the statements of fact and law cited in Plaintiff's accompanying Brief, the contents of which are incorporated herein by way of reference.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny the relief sought by Defendant, to grant summary judgment in favor of Plaintiff, and to award such other relief as determined to be just and appropriate.

1

# COUNTERSTATEMENT OF ISSUES

I. Whether summary judgment of Counts I, II, and II should be entered in favor of Defendant where those claims are moot?

Plaintiff answers "no."
Defendant answers "yes."
This Court should answer "no."

II. Whether summary judgment should be entered in favor of Defendant relative to Counts I and II requesting declaratory and injunctive relief, for failure of those claims to assert independent substantive causes of action?

Plaintiff answers "no."
Defendant answers "yes."
This Court should answer "no."

III. Whether summary judgment should be entered in favor of Defendant relative to the federal due process and substantive due process claims, where Plaintiff lacks a protected property right, procedural due process was afforded, and the actions alleged do not implicate a substantive due process violation?

Plaintiff answers "no."
Defendant answers "yes."
This Court should answer "no."

IV. Whether summary judgment should be entered in favor of Defendant relative to Plaintiff's state law claims of malicious prosecution and tortious interference with a contract, where the Township enjoys immunity under Michigan law?

Plaintiff answers "no."
Defendant answers "yes."
This Court should answer "no."

V. Whether summary judgment should be entered in favor of Defendant relative to the malicious prosecution claim, where the prosecution concluded with a plea bargain, supported by probable cause, and was without malice?

Plaintiff answers "no."
Defendant answers "yes."
This Court should answer "no."

VI.   Whether summary judgment should be entered in favor of Defendant relative to Plaintiff's federal claim of municipal liability, where the Township is not vicariously liable for the acts of its employees, and Plaintiff cannot establish a custom or policy of the Township as the moving force behind the alleged constitutional violations?

Plaintiff answers "no."
Defendant answers "yes."
This Court should answer "no."

# CONTROLLING AUTHORITIES

28 U.S.C. §2201

Fed. R. Civ. P. 57

U.S. Const, Am XIV, § 1

*Washington v. Glucksberg*, 521 U.S. 702, 719, 117 S. Ct. 2258, 117 S. Ct. 2302, 138 L. Ed. 2d 772 (1997)

*Mettler Walloon, LLC v. Melrose Twp*, 281 Mich.App. 184, 197, 761 N.W.2d 293 (2008), citing *City of Cuyahoga Falls, Ohio v. Buckeye Community Hope Foundation*, 538 U.S. 188, 198-199, 123 S. Ct. 1389, 155 L. Ed. 2d 349 (2003)

*Dubuc v. Twp. of Green Oak*, 406 F.App'x 983, 989 (6th Cir. 2011)

*Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 547 (6th Cir. 2012)

# TABLE OF CONTENTS

Counterstatement of Issues..............................................................................2

Controlling Authorities..................................................................................4

Introduction.................................................................................................6

Counterstatement of Material Facts..................................................................6

Standard of Review.....................................................................................11

Law and Argument.....................................................................................12

    I.      DEFENDANT'S ARGUMENT THAT PLAINTIFF'S COUNTS
          I, II, and III ARE MOOT FAILS................................................12

    II.     PLAINTIFF'S CLAIMS FOR DECLARATORY AND
          INJUNCTIVE RELIEF...............................................................13

    III.    THERE IS NO GENUINE DISPUTE THAT DEFENDANT
          VIOLATED PLAINTIFF'S CONSTITUTIONAL
          RIGHT TO PROCEDURAL DUE PROCESS................................14

    IV.    THERE IS NO GENUINE DISPUTE THAT DEFENDANT
          VIOLATED PLAINTIFF'S CONSTITUTIONAL
          RIGHT TO SUBSTANTIVE DUE PROCESS..............................17

    V.     PLAINTIFF HAS ESTABLISHED VALID CAUSES OF
          ACTION FOR MALICIOUS PROSECUTION AND
          TORTIOUS INTERFERENCE......................................................19

Requested Relief........................................................................................22

## INTRODUCTION

Defendant's Motion presents conflicting versions of events surrounding the unlawful Stop Work Orders placed on the Subject Property owned by Plaintiff. At times, Defendant claims that the Stop Work Orders were issued because the maintenance Plaintiff performed on the bridge (which is not located on Plaintiff's property) was outside the scope of the permits issued for the work to be performed on Plaintiff's property. At other times, Defendant asserts that the maintenance performed on the bridge was altogether unpermitted as the basis for the Stop Work Orders being issued. Either way, neither argument makes logical sense, nor was Defendant's placement of the Stop Work Orders on the Subject Property lawful. There is no genuine dispute Defendant violated Plaintiff's procedural and substantive due process rights, maliciously prosecuted Plaintiff, and tortiously interfered with Plaintiff's contracts. For the reasons set forth below, Defendant's Motion for Summary Judgment must be denied in its entirety.

## COUNTER-STATEMENT OF MATERIAL FACTS

1. Admitted that Plaintiff owns the residential property at 6221 W. Maple Road in West Bloomfield Township (the "Subject Property"). (Exhibit B – Deed).

2. Admitted that the Subject Property has a residential home constructed on upon it that was not certified for occupancy at the time Plaintiff purchased the property in March 2019. (Exhibit C – Code Violations).

3. Admitted only that on or about May 30, 2019, the Township issued a permit for the Subject Property.

4. Admitted only that on or about June 10, 2019, the Township issued a permit for the Subject Property.

5. Admitted only that on or about June 10, 2019, the Township issued a permit for the Subject Property. (Exhibit E – Permits).

6. Admitted only that access to the Subject Property is via an easement that crosses neighboring property owned by Dr. Imad Daouk. In further response, the path to the Subject Property is not entirely a "long dirt drive" and includes a bridge that provides access to the Subject Property.

7. Admitted only that Plaintiff has an easement that crosses the neighboring property owned by Dr. Daouk.

8. Admitted only that the bridge included in the easement is physically located on Dr. Daouk's property.

9. Admitted only that in or around September 2020, Plaintiff met at the site of the bridge with Byron Turnquist.

10. Admitted only that in or around October 2020, Plaintiff performed maintenance work on the bridge.

11. Admitted only that Plaintiff did not seek Township permits for the bridge work as no permits were required for the maintenance performed.

12. Admitted only that Plaintiff did not "seek permission" from Dr. Daouk to perform maintenance work on the bridge. In further response, Plaintiff's easement provides his right and obligation to perform maintenance on the bridge to allow access to his property.

13. Admitted only that Plaintiff met with Byron Turnquist in or around April 2021 to discuss the maintenance Plaintiff performed on the bridge. (Exhibit G – Turnquist Deposition Transcript).

14. Denied as this statement is vague and appears to allude to Defendant's claim that the maintenance performed on the bridge was performed in a wetland area and that the maintenance caused environmental damage. In further response, construction was never performed in a wetland area, there is no wetland area where the bridge is located, and Plaintiff's maintenance did not cause environmental damage. A report dated July 14, 2021 from Michigan EGLE confirmed that there were no wetland disturbances caused by the bridge maintenance. A copy of the report was provided to Defendant. (See Plaintiff's Deposition Transcript at p. 21).

15. Admitted only that Plaintiff provided the Township with an engineering report that confirmed that the bridge could support the weight of emergency vehicles. (Exhibit H – Load Rating Report).

16. Admitted only that at the time maintenance was performed on the bridge, the house on the Subject Property needed extensive work that was entirely separate from the bridge work.

17. Admitted only that on or about December 2, 2020, John Roda and Jason Rosell visited the Subject Property.

18. Admitted only that Plaintiff did speak with John Roda and Jason Rosell during their visit to the Subject Property on or about December 2, 2020.

19. Denied

20. Denied.

21. Denied. In further response, Plaintiff was never told that he needed to take such actions during Roda's and Rosell's visit on or about December 2, 2020.

22. Admitted only that Plaintiff first learned of the Stop Work Order in or about March 2021.

23. Denied. In further response, Plaintiff admits only that he did speak with Daniel Vergun. (See Plaintiff's Deposition Transcript at p. 36-38).

24. Denied. Plaintiff admits only that he had numerous subsequent meetings with several Township officials after learning of the Stop Work Order, and none of the meetings provided a solution that resulted in the Stop Work Order being lifted.

25. Denied. In further response, Plaintiff was provided with several demands from Township officials that would not result in the Stop Work Order being lifted.

26. Denied. In further response, the quoted language in the referenced email did not state that if Plaintiff followed those instructions, the Stop Work Order would be lifted.

27. Denied as stated. In further response, Plaintiff admits only that he applied for a wetland determination but was denied because the Township attempted to force a third party – through Plaintiff – to consent to a wetland study on property that Plaintiff did not own.

28. Denied as stated. In further response, Plaintiff was prevented from completing the application for wetland determination due to the Township's demand that Plaintiff force his neighbor, Dr. Daouk, to consent to a wetland study on Dr. Daouk's property.

29. Admitted only that Plaintiff was criminally prosecuted by the Township in the 48th District Court based on the Township's prevention of Plaintiff obtaining approval for a wetland determination.

30. Denied as stated. In further response, Plaintiff was issued "double-parking" citations in exchange for the dismissal of the criminal charges. A bridge inspection was ordered as part of the dismissal.

31. Denied. In further response, at the conclusion of the inspection, the Township officials who were present agreed that there was no environmental damage. (See Plaintiff's Deposition Transcript at p. 70).

32. Denied. Plaintiff took numerous steps and requested several meetings with Township officials to resolve the Stop Work Order. Defendant prevented Plaintiff from resolving the Stop Work Order for over a year after the bridge inspection was completed.

33. Denied as stated. Defendant actively prevented Plaintiff from appealing the illegal Stop Work Order. To this day, Plaintiff has never been provided with a writing or other document informing him of the Stop Work Order.

34. Admitted only that the Township extended some of Plaintiff's permits on the Subject Property.

35. Admitted only that Plaintiff cancelled permits on the Subject Property once it became clear that Defendant would not lift the Stop Work Order.

36. Denied as stated. The Subject Property does not qualify for a certificate of occupancy at this time due to Defendant's refusal to lift the unlawful Stop Work Order.

## STANDARD OF REVIEW

Summary judgment under *Federal Rule of Civil Procedure 56(a)* is proper when the movant "shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." *Id.* When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *U.S. SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (internal citation omitted). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

## LAW AND ARGUMENT

### I.  DEFENDANT'S ARGUMENT THAT PLAINTIFF'S COUNTS I, II, and III ARE MOOT FAILS

Plaintiff need not address in depth Defendant's baseless assertion that Plaintiff's Counts I, II, and III are moot due to Plaintiff's "voluntary" cancellation of the permits. Defendant must have forgotten that Defendant's placement of the Stop Work Orders on the Subject Property forced Plaintiff to cancel the permits once it became clear that Defendant was not going to lift the Orders unless Plaintiff complied with a changing list of demands for compliance that in no way related to the underlying permits. **Additionally, if Defendant asserts that the Stop Work Orders are moot, why do the Orders remain in place on the Subject Property at present?** The issue is not the underlying permits on the Subject Property; the issue is the illegal Stop Work Orders. While it is true that "[i]f in the course of litigation a

court finds that it can no longer provide a plaintiff with any effectual relief, the case is generally moot," such is not applicable here. *Uzuegbunam v.* Preczewski, 141 S.Ct. 792, 796 (2021). The Stop Work Orders halt <u>all</u> work on the Subject Property— whether the permits are active or not. If the Stop Work Orders are lifted, Plaintiff can apply for and obtain new permits to continue the work on his property. If the Stop Work Orders remain in place, obviously Plaintiff cannot resume construction. Plaintiff was forced to initiate this action because WBT refused to lift the improper Stop Work Orders. That issue remains, and this Court can still provide Plaintiff with the relief sought. Plaintiff's claims are not moot, and summary judgment in favor of Defendant must be denied.

## II. PLAINTIFF'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendant asserts that Plaintiff's claims requesting declaratory and injunctive relief must be dismissed for failure to state independent causes of action. However, 28 U.S.C. §2201 allows a court "[i]n a case of actual controversy within its jurisdiction" to "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. §2201(a). Fed. R. Civ. P. 57 provides for declaratory judgment under 28 U.S.C. §2201 and provides that "[t]he existence of another

adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."

There exists an actual case and controversy between the parties in that Plaintiff alleges that Defendant violated his constitutional due process rights by placing illegal Stop Work Orders on his property, failing to provide notice and the process to appeal, preventing Plaintiff from appealing WBT's actions, maliciously prosecuting Plaintiff, and tortiously interfering with his contractual relationships. Defendant has not provided any affirmation that it will comply with its statutory and constitutional obligation to issue Stop Work Orders for lawful and legitimate reasons, to provide adequate notice of Stop Work Orders and the process by which to appeal, to provide an actual and fair appellate process, and to refrain from criminal prosecution while appeals and compliance are pending. This Court should deny Defendant's Motion to dismiss Plaintiff's claims for declaratory and injunctive relief.

## III. THERE IS NO GENUINE DISPUTE THAT DEFENDANT VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHT TO PROCEDURAL DUE PROCESS

The Due Process Clause provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const, Am XIV, § 1. The United States Supreme Court has interpreted this clause to "guarantee more than fair process," *Washington v. Glucksberg*, 521 U.S. 702, 719, 117 S. Ct. 2258, 117 S.

Ct. 2302, 138 L. Ed. 2d 772 (1997), and to cover a substantive sphere as well, "barring certain government actions regardless of the fairness of the procedures used to implement them." *County of Sacramento v Lewis*, 523 US 833 at 840. In disputes over municipal actions, the focus is on whether there was egregious or arbitrary governmental conduct. *Mettler Walloon, LLC v. Melrose Twp*, 281 Mich.App. 184, 197, 761 N.W.2d 293 (2008), citing *City of Cuyahoga Falls, Ohio v. Buckeye Community Hope Foundation*, 538 U.S. 188, 198-199, 123 S. Ct. 1389, 155 L. Ed. 2d 349 (2003).

Procedural due process requires state actors to provide certain procedural protections before they deprive a person of any protected life, liberty, or property interest. **Here, Plaintiff has a protected property interest that attaches to his ownership of the real property that is the subject of this dispute**. An individual has a vested interest in the use and possession of real estate. *Bonner v. City of Brighton*, 495 Mich 209, 226; 848 NW2d 380 (2014). Defendant has not presented any valid argument that Plaintiff does not have a protected property interest through his ownership of the real property. As such, Plaintiff was entitled to procedural due process protections that Defendant failed to afford Plaintiff.

As for the second step in the analysis, Plaintiff's property interests deprived by WBT contravened the notions of due process. It is undisputed that the Stop Work Orders were procedurally deficient because there was no public record of a decision

to place a Stop Order, and nothing entered into meeting minutes. There was no notice to the accused (Plaintiff) of the decision to place a Stop Order. *There was no Stop Order in writing*. There was no written description specifying the scope of the work to be stopped, and no written description specifying the corrective actions that must be accomplished for work to be resumed. No written Stop Order was delivered, and nothing was posted on the Subject Property. There were no compliance recheck inspections to determine compliance. (Exhibit I – Harris Deposition Transcript). Numerous circuit cases emphasize that at a minimum, due process requires affirmative notification that procedures are available to challenge state actions incidental to the deprivation of protected interests. *Dubuc v. Twp. of Green Oak*, 406 F.App'x 983, 989 (6th Cir. 2011). In the instant case, Plaintiff was deprived of his protected interests, and Defendant did not affirmatively notify Plaintiff of procedures to challenge Defendant's actions.

Defendant's entire argument rests on a claim that Defendant performed work on the bridge (not located on Plaintiff's property) that exceeded the scope of the permits issued for construction on Plaintiff's property. Defendant fails to acknowledge that the two projects are entirely unrelated, maintenance work on the easement bridge did not require a permit, and Defendant attempted to force the Neighbor's authorization of a wetland determination study through Plaintiff on property that was not owned by Plaintiff. Defendant's claim that Plaintiff was not

entitled to procedural due process rights based on an alleged violation of issued permits where the alleged violative work performed was not on Plaintiff's property entirely lacks merit. As such, Defendant's Motion for Summary Judgment in its favor must be denied.

## IV. THERE IS NO GENUINE DISPUTE THAT DEFENDANT VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHT TO SUBSTANTIVE DUE PROCESS

The substantive due process component of the *Fourteenth Amendment* bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). Substantive due process claims "often fall into one of two categories—claims that an individual has been deprived of a particular constitutional guarantee or claims that the government has acted in a way that shocks the conscience." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 547 (6th Cir. 2012) (punctuation modified).

WBT's decision to issue two (2) Stop Work Orders against Plaintiff's property without providing the order in writing, informing Plaintiff of his rights to appeal, and providing the exact corrective measures that need to be taken in order to have the orders lifted is not based on substantial evidence of any wrongdoing on the part of Plaintiff. The Stop Work Orders appear to have been issued based off the arbitrary and capricious actions of West Bloomfield Township, including several officials, and

17

instrumentally, John Roda. Further, WBT and its officials, including Amy Neary, continued to violate Plaintiff's due process rights by making egregious demands (which changed several times) of actions Plaintiff was required to take with no confirmation that Plaintiff's completion of the list would result in the removal of the Stop Work Orders. To date, WBT has not produced any evidence of valid Stop Work Orders, either in writing or in any other manner. Defendant's Motion Brief attempts to detract away from Defendant's failure to provide the date the Stop Work Orders were first issued as well as the steps it took to comply with due process requirements. WBT has not produced any evidence supporting that it informed Plaintiff of his rights to appeal or allowed him to exercise rights to appeal. WBT continued to change the demands it claimed Plaintiff had to complete, including coercing his neighbor to authorize a wetland determination study on the neighbor's property. Defendant has not demonstrated that it's decisions to issue the Stop Work Orders with changing demands for compliance (even after acknowledging that the bridge maintenance did not require a permit) and to criminally prosecute Plaintiff for his failure to force his neighbor to consent to a wetland determination study were related to any legitimate goal or interest of the Township. Defendant claims it had an interest in enforcing the Building Code and four ordinances that Plaintiff's "unpermitted" work allegedly violated. Yet, Defendant did not state and has never stated exactly what part of the Code and which ordinances were violated. Not-to-code maintenance

activity on the Neighbor's Parcel is not a substantive reason for a Stop Order on the Subject Property. Defendant admitted that no environmental use permits are required for maintenance work on an existing structure in an environmental feature area such as a creek. Lack of environmental use permits on the Neighbor's Parcel is also not a substantive reason for a Stop Order on the Subject Property. Defendant also now claims that the bridge work was altogether "unpermitted" after previously claiming that the bridge work was outside the scope of the permits issued for Plaintiff's property. Indeed, all of Defendant's actions in this case were arbitrary and capricious, and Defendant has failed to present any evidence to the contrary.

As there is no genuine dispute as to whether WBT provided sufficient evidence, let alone any evidence, that could serve as a rational basis for its decision to issue the Stop Work Orders and to not allow Plaintiff to cure them, summary judgment must be granted in favor of Plaintiff.

## V. PLAINTIFF HAS ESTABLISHED VALID CAUSES OF ACTION FOR MALICIOUS PROSECUTION AND TORTIOUS INTERFERENCE

To sustain a claim of malicious prosecution of a civil proceeding the plaintiff must show: (1) the prior proceedings terminated in favor of the present plaintiff; (2) the absence of probable cause for the prior proceedings; (3) malice or showing that the proceedings were filed for a purpose other than to secure the proper adjudication of the claim; and (4) special injury stemming directly from the prior proceedings.

*Dupuis v. Kemp,* 2006 Mich. App. LEXIS 457, 2006 WL 401125 *1 (Mich.App. Feb. 21, 2006), *see also Young v. Motor City Apartments Limited Dividend Housing Association No. 1 and No. 2,* 133 Mich.App. 671, 675, 350 N.W.2d 790 (1984).

All elements of Plaintiff's claims are met here. The criminal proceedings initiated against Plaintiff by Defendant were terminated in his favor. (Plaintiff's criminal charges were dismissed.) Plaintiff was charged for failing to have various environmental permits for alleged activity on his neighbor's property, causing alleged damage, all of which never occurred. The charges brought against Plaintiff were initiated directly by WBT for improper purposes, which were to force Plaintiff's neighbor into authorizing a wetlands determination study to take place on the neighbor's property. The charges for Plaintiff's failure to have various environmental permits for alleged activity were based on entirely made up or inapplicable township ordinances and polices (See Exhibit J - Plaintiff's Deposition Transcript at pp. 68-76). There is no genuine dispute that Defendant's actions were malicious and were filed for purposes other than to secure the proper adjudication of the claim, as there was no valid claim made by WBT against Plaintiff. As a result, Plaintiff suffered further injury when the inspection that was ordered as a result of the dismissal of the criminal charges still did not result in the removal of the Stop Work Orders. Defendant has not produced any evidence to support any contention that its actions in initiating criminal charges against Plaintiff was in any way proper

or legitimate. And there is no genuine dispute that Defendant was directly involved in criminal charges being brought against Plaintiff. Defendant is liable to Plaintiff for its malicious prosecution of Plaintiff, and summary judgment in Defendant's favor is unwarranted.

Under Michigan law, "tortious interference with a contract or contractual relations is a cause of action distinct from tortious interference with a business relationship or expectancy." *Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*, 268 Mich.App. 83, 706 N.W.2d 843; 268 Mich. App. 83, 706 N.W.2d 843 (2005) (citations omitted). The elements of the former are "(1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified instigation of the breach by the defendant." *Id. at 849.*

To show an unjustified instigation of the breach by the defendant, the plaintiff "must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." *CMI Int'l., Inc. v. Intermet Int'l. Corp. 251 Mich.App. 125, 649 N.W.2d 808; 251 Mich. App. 125, 649 N.W.2d 808, 812 (2002).* In the context of a motion for summary judgment, if the "defendant's conduct was not wrongful per se, the plaintiff must demonstrate specific, affirmative acts that corroborate the unlawful purpose of the interference." *Id.*

"To maintain a cause of action for tortious interference, the plaintiff must establish that the defendant was a 'third party' to the contract rather than an agent of one of the parties acting within the scope of its authority as an agent." *Lawsuit Financial, L.L.C. v. Curry*, 261 Mich. App. 579, 593, 683 N.W.2d 233, 241 (2004).

At all relevant times, Defendant was aware of Plaintiff's contracts with his loan companies and his contractors. Defendant was not a party to those contracts. Defendant's actions in initiating illegal Stop Work Order against Plaintiff and by continuously refusing to allow Plaintiff to remedy the alleged issues directly and proximately caused Plaintiff to breach his contracts and default on his loans. Defendant's actions of instigating Plaintiff's breach of contracts by issuing the invalid Stop Work Orders and prohibiting Plaintiff to have work performed on the Subject Property for over three years are entirely unjustifiable. Defendant has not provided a valid defense to its conduct and has not disputed that it tortiously interfered with Plaintiff's contracts. Defendant's request for summary judgment in its favor must be denied.

## <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny the relief sought by Defendant, to grant summary judgment in favor of Plaintiff, and to award such other relief as determined to be just and appropriate.

Respectfully submitted,
THE RUBINSTEIN LAW FIRM

/s/ Jan Jeffrey Rubinstein
Jan Jeffrey Rubinstein (P57937)
Attorney for Plaintiff
30665 Northwestern Hwy., Ste. 165
Farmington Hills, MI 48334
(248) 220-1415
jjr@therubinsteinfirm.com

Dated: July 1, 2024

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using the Court's efile system, by selecting efile and eserve, which will send notification to all attorneys of record.

/s/ Rachel G. Caloia (P87504)
